In re WILLS TRAVEL SERVICE, INC., Debtors.

Joan WILLS, Plaintiff,

v.

Charles MEDEARIS, Trustee of the Estate of Wills Travel Service, Inc., NCNB National Bank of Florida and Max M. Wagner, Defendants.

Bankruptcy No. 86–2934–8P7.
Adv. No. 88–148.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 8, 1990.

See also, App., 516 So.2d 5 and, Bkrtcy., 87 B.R. 690.

R. Wade Wetherington, Tampa, Fla., John S. Jaffer, Sarasota, Fla., for plaintiff.

Norman Davidson, Tampa, Fla., for Charles Medearis.

Steven D. Hutton, for NCNB.

M. Jay Lancer, Sarasota, Fla., for Max M. Wagner.

## FINDINGS OF FACT, CONCLUSIONS OF LAW

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a complaint filed by Joan Wills (Plaintiff) which seeks a determination by this Court as to the validity and extent of the security interest of NCNB or Max Wagner (Wagner) in a certain promissory note dated October 16, 1984, in the amount of $209,331.59 signed by Joan Wills and made payable to the Debtor, Wills Travel Service, Inc. The narrow issue before the Court is whether NCNB and/or Wagner perfected its security interest in this promissory note by way of possession. The following facts as established at the duly scheduled Final Evidentiary Hearing are relevant and germane to the matter under consideration.

On October 14, 1984, Wagner purchased all outstanding shares in a corporation known at that time as Joan Wills Travel Service, Inc. The stock acquisition by Wagner was financed in major part by a loan in the principal amount of $838,284.86, obtained from NCNB. This loan was secured by the following collateral:

1. Note and Mortgage encumbering an improved real property located in Dade County, Florida

2. Certificate No. C–1 for 1,800 shares of Joan Wills Travel Service, Inc.

3. Real estate mortgage dated 10/16/84 for $500,000 recorded in O.R. Book 1724, Page 1940, Public Records of Sarasota County, Florida

4. All furniture, fixtures, supplies, equipment, inventory, contract rights, motor vehicles, stock certificates, stock-in-trade, insurance proceeds, and any and all personal property, whether tangible or intangible or mixed, substitutions, replacements, improvements or betterments.

At the time, Joan Wills was indebted to the Debtor in the original principal amount of $209,331.51, evidenced by a promissory note executed by Joan Wills in favor of the Debtor in the principal amount of $183,-943.03, secured by a mortgage encumbering certain real property owned by Joan Wills. On July 10, 1986, $153,929.38 was the outstanding balance on the note and $128,540.82 on the mortgage.

Wagner's loan to NCNB went into default in mid 1986. It appears that Wagner offered the bank the mortgage receivables as additional security at that time. (Pl's Exh. # 2) It further appears that Wagner approved a formal estoppel certificate dated November 25, 1986, which indicated that the Debtor was the owner and holder of a note and mortgage executed by Joan Wills in favor of the Debtor (Plaintiff's Exh. # 1.) This document was witnessed by Wagner's attorney, Thomas Fitzgibbons. Of course, if the Wills note was already in the possession of NCNB, it would not have

been necessary to furnish to NCNB an estoppel letter.

As a result of the continued default by Wagner on his note, NCNB instituted a suit against Wagner and his wife, Doris Wagner, in which in addition to seeking a money judgment based on the unpaid balance due on the note executed by Wagner and his wife, NCNB also sought to foreclose its collateral, none of which included a security interest in the promissory note executed by Joan Wills in favor of the Debtor. This suit was ultimately settled between NCNB and the Wagners. As part of this settlement, NCNB executed a document entitled "Assignment" which makes reference to the note and mortgage involved by quit claiming all NCNB's right, title and interest, if any, in same. It further states that "to the extent it is necessary for NCNB to lend its name to the assistance of the collection of that mortgage (sic)—in that event NCNB has agreed to cooperate to that extent with the Wagners at no cost to NCNB". This agreement was executed by NCNB on August 7, 1989, or two years after the suit by NCNB against the Wagners was settled, obviously for the purpose of aiding Wagner's cause in connection with this litigation. As noted, NCNB disclaimed any warranty to the existence of any security interest or any interest NCNB ever had in the Wills note and mortgage.

Basically, these are the facts which appear from this record upon which Wagner rests his claim that he has a valid, enforceable security interest in the Wills note and mortgage.

The validity, vel non, of the claim asserted by Wagner and the Wills note depends obviously on the validity of any valid enforceable interest of NCNB from whom Wagner is supposed to have acquired the interest he is claiming.

This record leaves no doubt and this Court is satisfied that Wagner failed to establish with the requisite degree of proof that he has a cognizable and enforceable interest in the Wills promissory note and mortgage for the following reasons: First there is no credible evidence in this record to support the finding that Wagner and NCNB ever intended that the Wagner note and mortgage was to stand as additional collateral for the loan obtained by Wagner from NCNB in connection with Wagner's acquisition of the stock in Joan Wills Travel Service, Inc. Even assuming but not admitting that the reference in the secured note describing contract rights as part of the collateral would encompass and include a security interest in the promissory note and the mortgage, a proposition this Court is disinclined to accept, there is hardly any question that NCNB never perfected any interest in the note.

Under the laws of this state, a security interest in a promissory note is governed by Fla.Stat. § 679.305 which provides in pertinent part that "a security interest is perfected by possession from the time possession is taken without relation back and continues so long as possession is retained". There is no credible evidence in this record to warrant the finding that the note was ever delivered to NCNB. Lastly, it should be noted that Wagner was unable to produce the original note itself and Wagner never instituted the appropriate procedure to establish a lost instrument pursuant to Fla.Stat. § 673.804. Thus, since neither NCNB nor Wagner has current possession of the Wills note and mortgage, it is clear that neither of them have a cognizable security interest in the note and mortgage. Even if one accepts the proposition that the assignment executed by NCNB did transfer its interest, if any, in the Wills note and mortage, the most that could be said concerning the legal effect of this document is that it was in the nature of a quit claim deed and certainly did not operate as an effective assignment of any interest of NCNB in the Wills note and mortgage to Wagner.

Based on the foregoing this Court is satisfied that NCNB never acquired a cognizable security interest in the note and mortgage executed by Joan Wills in favor of the Debtor and neither did Wagner, which interest would be superior to the interest of the estate of the Debtor in the note and the mortgage.

A separate Final Judgment will be entered in accordance with the above.